```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
    _____

    AVA ZEHM, individually and on
    behalf of others similarly
    situated,

                    Plaintiff,         CIVIL NO. 17-1758 (NLH/KMW)

    v.                                 OPINION

    MORGAN PROPERTIES and
    MOORESTOWNE WOODS APARTMENT
    ASSOCIATES, LLC d/b/a
    MOORESTOWNE WOODS APARTMENT
    ASSOCIATES, LP,

                    Defendants.
    _____
```

**APPEARANCES**:

LEWIS G. ADLER
LAW OFFICE OF LEWIS ADLER
26 NEWTON AVENUE
WOODBURY, NJ 08096

PAUL DEPETRIS
LAW OFFICE OF PAUL DEPETRIS
532 ROUTE 70 WEST, 2ND FLOOR
CHERRY HILL, NJ 08002

   *On behalf of Plaintiff Ava Zehm.*

RACHEL C. HEINRICH
DANIEL S. BERNHEIM
WILENTZ GOLDMAN & SPITZER, P.A.
TWO PENN CENTER
SUITE 910
PHILADELPHIA, PA 19102

   *On behalf of Defendants Morgan Properties Management Company, LLC and Moorestowne Woods Apartment Associates, LLC.*

**HILLMAN, District Judge**

This is a putative class action concerning allegedly illegal provisions in a residential lease. Claims were originally brought under the New Jersey Consumer Fraud Act ("CFA"), the New Jersey Truth-in-Renting Act ("TRA"), and New Jersey common law. Presently before the Court is Plaintiff Ava Zehm's Motion for Leave to File an Amended Complaint and Defendants Morgan Properties Management Company, LLC's ("Morgan Properties") and Moorestown Wood Apartment Associates, LLC's ("MWAA" and, collectively with Morgan Properties, the "Morgan Defendants") opposition. The Court will grant, in part, and deny, in part, without prejudice, Plaintiff's Motion for Leave to File an Amended Complaint.

**BACKGROUND**

This Court takes its facts from Plaintiff's January 18, 2017 complaint. Plaintiff lived in an apartment in Moorestown, New Jersey owned by MWAA. The apartment complex consisted of approximately 172 residential units and was managed by Morgan Properties. Plaintiff executed her first lease with MWAA in 2014 for the rental of an apartment (the "First Lease"). Plaintiff renewed her lease in 2015, signing a second lease (the "Second Lease").

As part of her leases, Plaintiff signed a utility addendum, which provided that charges for water would be based on the

2

number of bedrooms in each resident's apartment unit. Plaintiff's leases also contained a provision that stated, in pertinent part, that with regard to a breach of the lease, if an attorney is employed, including in-house counsel, the resident was required to pay $400 in attorneys' fees.  That amount could be reduced to $200 "in the event an eviction action is filed . . . for non-payment of rent, and [the tenant] pay[s] all rent due."  The Morgan Defendants filed a complaint in January 2016 against Plaintiff for rent due.  The complaint declared $873.85 due and owing: $331.65 for rent due, a $142.20 late charge, and $400 in attorneys' fees.  Following that litigation, Plaintiff filed a class action complaint against Defendants,[1] which was removed to federal court on March 15, 2017.  The complaint alleged:

| | |
|---|---|
| Count One: | violation of the TRA based on the attorneys' fees provision (against Morgan Defendants) |
| Count Two: | violation of the TRA based on the utility addendum (against Morgan Defendants) |
| Count Three: | violation of the CFA based on the attorneys' fees provision (against Morgan Defendants) |
| Count Four: | civil conspiracy based on the attorneys' fees provision (against Morgan Defendants) |
| Count Five: | violation of the CFA based on the utility addendum (against all Defendants) |

---

[1] Here, Defendants include the Morgan Defendants as well as NWP Services Corporation ("NWP").  NWP was alleged to be the third-party billing service provider for the Morgan Defendants.

3

Count Six:      civil conspiracy based on the utility
                    addendum (against all Defendants)

    Count Seven:    declaratory judgment (against all
                    Defendants)

    Count Eight:    violation of the CFA (against Morgan
                    Defendants)

The Morgan Defendants filed an April 5, 2017 motion for partial abstention and partial dismissal of the complaint.  NWP then filed an April 26, 2017 motion to dismiss.  By Order and Opinion on October 27, 2017, this Court denied the Morgan Defendants request for partial abstention and granted the request for partial dismissal.  The Court found Plaintiff failed to state a claim on the basis of the utility addendum.  In the same Order and Opinion, this Court granted NWP's motion to dismiss, thus terminating it from this case.  As a result, Counts 2, 5, 6, and 7 were dismissed, with Count 7 only being dismissed to the extent it sought declaratory judgment against the Morgan Defendants on the basis of the utility addendum.

On May 11, 2018, Plaintiff filed a Motion for Leave to Amend the Complaint.  In it, Plaintiff requests this Court allow her to amend the caption and allegations to properly name the Morgan Defendants, eliminate the dismissed counts, and add to Count 1 and 7 further allegations concerning allegedly illegal clauses in the lease agreements.  The Motion for Leave to Amend the Complaint is fully briefed and is ripe for adjudication.

**A.   Subject Matter Jurisdiction**

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**B.   Motion for Leave to Amend Complaint Standard**

The decision to grant or deny leave to amend pleadings under Federal Rule of Civil Procedure 15(a)(2) is committed to the sound discretion of the Court. Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990). Leave to amend is freely granted "when justice so requires," but may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

Amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted) (internal quotations marks omitted). To test for futility, the Court employs the Rule 12(b)(6) standard used for motions to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

The Rule 12(b)(6) standard is well-settled. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view

5

them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556

U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

**C. Motion for Leave to Amend Complaint**

Plaintiff presents three proposed amendments to her complaint. First, Plaintiff requests this Court to allow her to correct the names of the Morgan Defendants throughout the

7

complaint. Second, Plaintiff requests this Court to allow her to eliminate the claims that this Court dismissed in its October 27, 2017 Order. Third, Plaintiff requests this Court to allow her to add additional violations to her TRA claims and include additional statutory, case law, and rule citations.

The Morgan Defendants only resist Plaintiff's third request.[2] Accordingly, this Court will grant Plaintiff's request to perform the housekeeping matters described supra. The Court will now consider the Morgan Defendants' arguments concerning the third request.

> a. <u>Whether the Proposed TRA Claims Are Futile Because of a Failure to Allege an Injury in Fact Sufficient to Satisfy Article III</u>

First, the Morgan Defendants argue the proposed TRA claim is futile because it does not claim an injury in fact sufficient to satisfy Article III. The Morgan Defendants assert the new provisions complained of by Plaintiff are merely "procedural and technical violations of the TRA based upon the purported illegal lease provisions" which did not result in a concrete or particularized injury. (Defs.' Br. 1.) Plaintiff does not

---

[2] Based on the Court's analysis, infra, the Morgan Defendants' argument concerning whether this Court is the proper forum for these new claims or whether these claims can be brought in a class action is moot.

contest this argument.³ Because Plaintiff does not contest that she lacks standing to bring the new claims concerning the TRA, this Court will deny Plaintiff's Motion for Leave to File an Amended Complaint – as to the new TRA claims only - for lack of subject matter jurisdiction.⁴

While the Court lacks subject matter jurisdiction over the new TRA claims, the Court must still address Plaintiff's remaining arguments. Plaintiff requests, if this Court finds Plaintiff does not have standing to assert the new TRA claims, the Court remand the entire case. It appears the Plaintiff's

---

³ Instead of contesting this argument, Plaintiff instead asserts this Court does not have subject matter jurisdiction over all the TRA claims, both new and old. Upon review of the relevant pleadings, this Court does not find subject matter jurisdiction lacking here over the original TRA claim. If Plaintiff believes the notice of removal is inaccurate in any respect, Plaintiff is free to file a motion that comports with the Federal and Local Rules of Civil Procedure requesting appropriate relief. In the alternative, Plaintiff requests this Court either remand the entire case or sever and remand the TRA claim based on its ruling here. This is discussed in more detail, infra.

⁴ The Court notes that it appears Plaintiff has failed to properly allege an injury in fact because she has not pleaded a past injury nor threat of imminent injury. See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016) ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [a plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.").

basis for this argument is the "entire controversy doctrine," which is a claim preclusion doctrine under New Jersey common law. See Hulmes v. Honda Motor Co., Ltd., 924 F. Supp. 673 (D.N.J. 1996). The contours of the entire controversy doctrine and whether Plaintiff's claim would be subject to preclusion under it does not limit or expand subject matter jurisdiction in the federal courts. As long as this Court is satisfied it possesses subject matter jurisdiction over claims, it has an obligation to continue to exercise that jurisdiction. See Rarick v. Federated Serv. Ins. Co., 852 F.3d 223, 227 (3d Cir. 2017) ("When an action seeks legal relief, federal courts have a 'virtually unflagging obligation' to exercise jurisdiction." (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). Plaintiff has cited no authority, and the Court is unaware of any, that stands for the proposition that a federal Court should decline to exercise jurisdiction over claims it has jurisdiction over merely because Plaintiff also has additional state law claims that do not meet Article III standards.

Plaintiff also argues if the Court lacks subject matter jurisdiction over the new TRA allegations, then it should sever the entire TRA claim and remand it to New Jersey state court. This also cannot be done, for the same reasons as expressed supra. The Court has jurisdiction over the original TRA claim,

10

but not over the new allegations.  It therefore continues to have an obligation to exercise jurisdiction over the original TRA claim.

If the standard for standing is broader in New Jersey state court, notwithstanding the entire controversy doctrine, nothing in this Opinion precludes Plaintiff from filing the new TRA claims in New Jersey state court.[5]  While this may create additional logistical issues because two courts, one federal and one state, will be deciding cases involving the same general subject matter, there are a number of ways in which the two courts and the litigants might coordinate, including staying the

---

[5] The Court assumes without deciding that such an action would not be removable to federal court since the absence of actual damages would preclude Defendants from meeting the amount in controversy threshold.  See 28 U.S.C. § 1441.  This Court also does not opine on the application of the entire controversy doctrine to these procedural facts, as that is a task left for the New Jersey state court - if Plaintiff wishes to bring the new TRA claims there.  But, the Court notes "[t]he 'polestar of the application of the rule is judicial fairness.'"  Wadeer v. N.J. Mfrs. Ins. Co., 110 A.3d 19, 27 (N.J. 2015) (quoting DiTrolio v. Antiles, 662 A.2d 494, 505 (N.J. 1995)). "Fairness," for purposes of the entire controversy doctrine, "'focuses on the litigation posture of the respective parties and whether all of their claims and defenses could be most soundly and appropriately litigated and disposed of in a single comprehensive adjudication.'"  Id. (quoting Ditrolio, 662 A.2d at 507).  As the Plaintiff has made clear, she would prefer to be in state court where all her claims may be adjudicated together and would be there but-for the Defendant's statutory right of removal.  We leave the consideration of these issues in the context of the entire controversy doctrine to the state court presented with them if Plaintiff chooses that forum for any TRA claims that fail to meet the applicable standard for subject matter jurisdiction in this Court.

state court action until disposition of the first-filed federal court action. Regardless, this Court is unable to assert jurisdiction over the new TRA claims presented. Therefore, the Court leaves it to the Plaintiff to determine whether it is appropriate and advisable for her to pursue the new TRA claims in state court.

## **CONCLUSION**

Based on the foregoing, this Court will grant, in part, and deny, in part, Plaintiff's Motion for Leave to File an Amended Complaint.

An appropriate Order will be entered.

Date: December 21, 2018　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　NOEL L. HILLMAN, U.S.D.J.